UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLES JOHNSON, ET AL** | **CASE NO. 3:22-CV-00828** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF MONROE, ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before this Court is a Motion for Summary Judgment by Cecil Carter, Jr. ("Carter") [Doc. No. 16]. An Opposition [Doc. No. 23] was filed by Plaintiffs Charles Johnson ("Johnson") and Mallory Johnson (collectively "Plaintiffs") on May 23, 2022. No reply is necessary.

For the reasons set forth herein, Carter's Motion for Summary Judgment is GRANTED.

**I.  BACKGROUND**

Plaintiffs allege that on November 23, 2020, Johnson was wrongfully discharged from his employment with the Monroe Police Department ("MPD") for allegedly delaying the sending of an excessive force case to the Louisiana State Police ("LSP"), prior to the City of Monroe Mayoral election on July 11, 2020.

On November 23, 2021, Plaintiffs filed a Petition for Damages[1] in the Parish of Ouachita, State of Louisiana, suit number C-20213502CV3. In addition to Carter, the suit named as defendants; the City of Monroe, Mayor Friday Ellis, former Police Chief Eugene Ellis, Police Chief Victor Zordan, Hank Smith, Sgt. Mike Fendall, the LSP, and their XYZ Insurance Companies.

---

[1] [Doc. No. 1-1].

In the Petition for Damages, Plaintiffs allege a violation of due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, and that Johnson was retaliated against for his refusal to engage in the unlawful and fraudulent activities of lying and saying that the former Interim Chief Reginald Brown withheld sending the excessive force case to the LSP.

Specifically, as to Carter, Plaintiffs allege that Carter consistently threatened and intimidated Johnson during the pre-polygraph examination,[2] causing emotional stress and anxiety, which contributed toward him failing the polygraph test. This matter was removed to this Court on March 25, 2022.[3]

In his motion, Carter alleges summary judgment should be granted as the causes of action alleged have prescribed, and because Carter was not a state actor and therefore not subject to violations of the Fifth and Fourteenth Amendments because he is a non-governmental private person.

In Plaintiffs' Opposition,[4] they concede that claims under the Fifth and Fourteenth Amendments have prescribed, and that the claim for intentional infliction of emotional distress has also prescribed. However, Plaintiffs argue that additional unnamed state claims against Carter in paragraph VIII of their petition survive.

Paragraph VIII of Plaintiffs' Petition for Damages states[5]:

> Plaintiff CHARLES JOHNSON'S due process rights were intentionally infringed upon by the defendants, and he suffered loss in employment, wages, and harm to his professional and personal reputation, loss of consortium, emotional distress/stress and anxiety, among other things.

---

[2] [Doc. No. 1-1, para. XI].
[3] [Doc. No. 1].
[4] [Doc. No. 23].
[5] [Doc. No. 1-1, para. VIII].

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will

3

"resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Prescription

As correctly noted by Carter, constitutional violations alleged under 42 U.S.C. § 1983 prescribe one year from date of the alleged constitutional violation, in accordance with Louisiana Civil Code Article 3492[6]. Johnson was polygraphed on October 12, 2020,[7] and on October 14, 2020, he received a written pre-disciplinary letter informing him that he had failed the polygraph test[8].

The claims against Carter for constitutional violations have clearly prescribed. Additionally, the alleged state claim for intentional infliction of emotional distress has also

---

[6] *Gaspard v. United States*, 713 F.2d 1097, 1102 n.11 (5th Circuit 1983).
[7] Affidavit of Cecil F. Carter, Jr., [Doc. No. 16-3],
[8] MPD Pre-Disciplinary Hearing Letter to Sgt. Chuck Johnson, [Doc. No. 16-4].

prescribed. Plaintiffs concede these claims have prescribed and offer no reasons for suspension of the one-year prescription. Suit was not filed until November 23, 2021, well over one year after Johnson was aware of the results of his polygraph test.

This Court can find no other federal or state claim against Carter other than the Fifth and Fourteenth Amendment constitutional claims and claim for intentional infliction of emotional distress. Paragraph VIII only refers to a due process claim and sets forth alleged damages.

Therefore, this Court believes that all claims made against Carter by Johnson have prescribed.

### C. State Action

Carter alleges and Plaintiffs concede, that Carter is not a state actor and therefore, there is no constitutional claim against Carter under the Fifth or Fourteenth Amendments.

### D. Scientific Investigative Services of Louisiana, Inc.

Plaintiffs argue that Scientific Investigative Services of Louisiana, Inc. ("Scientific") is not a party to this lawsuit. This is correct, Plaintiffs' Petition for Damages only names Carter, not Scientific as a defendant. In order to clarify the record, any claims against Scientific are DISMISSED WITHOUT PREJUDICE.

## III. CONCLUSION

For the reasons set forth therein, Carter's Motion for Summary Judgment [Doc. No. 16] is GRANTED, and all Plaintiffs' claims against Carter are DISMISSED WITH PREJUDICE.

Additionally, Scientific is DISMISSED WITHOUT PREJUDICE in this proceeding.

**MONROE, LOUISIANA,** this 26th day of May 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**