# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| CHARLES JOHNSON, ET AL. | CIV. ACTION NO. 3:22-00828 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CITY OF MONROE, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions:  1) a motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, filed by Defendant, Mayor Oliver "Friday" Ellis [doc. # 8]; and 2) a motion to dismiss for insufficient process and insufficient service of process filed by Defendant, Louisiana State Police [doc. # 13].  The latter motion is opposed, whereas the former is not.  For reasons detailed below, it is recommended that Ellis's motion [doc. # 8] be GRANTED and that the Louisiana State Police's motion [doc. # 13] be DENIED.

## Background

On November 23, 2021, Charles Johnson ("Charles") and his spouse Mallory Johnson ("Mallory") (collectively, the "Johnsons") filed the instant petition for damages in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana against Defendants,  the City of Monroe; Mayor Friday Ellis; Louisiana State Police ("LSP"); former Police Chief Eugene Ellis; Police Chief Victor Zordan; Sgt. Mike Fendall; Hank Smith; Cecil Carter, Jr.; and XYZ Insurance Companies.  (Petition).  Charles contends that he was wrongfully discharged from employment on November 3, 2020, apparently tied to a false accusation of delaying

sending an excessive force case to the LSP until after the City of Monroe mayoral election on July 11, 2020. *Id*.

The investigation against Charles began on September 3, 2020, and he was required to participate in an "interrogation interview" on October 8, 2020, followed by a polygraph test on October 12, 2020. *Id*. On November 4, 2020, he was ordered to submit to another interrogation that was labeled a pre-disciplinary hearing. *Id*. Nonetheless, Charles was not provided with a detailed description of the charges against him in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Id*. Charles contends that Defendants retaliated against him for his refusal to lie and say that it was the former interim chief Reginald Brown who had withheld sending the excessive force case to the LSP. *Id*.

Charles further alleged that Hank Smith, an LSP employee, defamed and slandered him by stating that he had withheld sending the excessive force case to the LSP because he did not want to ruin anyone's weekend. *Id*. Charles contends that Smith's defamatory words caused him to be terminated from employment and injured his reputation in the community by "discrediting his credibility." *Id*.

As a result of the due process violations, Charles has suffered, *inter alia*, loss of employment, lost wages, harm to his professional and personal reputation, loss of consortium, emotional distress/stress, and anxiety. (Petition). Moreover, because of the false accusations against her husband, Mallory has suffered emotional distress, anxiety, embarrassment, and loss of consortium. *Id*.

On February 18, 2022, i.e., within 90 days of commencing the action, the Johnsons asked the state court clerk of court to issue service to, as pertinent to the present motions, "City of

2

Monroe Mayor Friday Ellis" and "Colonel Lamar Davis Louisiana State Police."  (Notice of Removal, Exh. [doc. # 1-1, pg. 7]).

On March 25, 2022, Defendants, the City of Monroe, Oliver "Friday" Ellis, Michael Fendall, and Victor Zordan (collectively, the "City Defendants") removed this matter to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal).

On April 18, 2022, Defendant, Mayor Oliver "Friday" Ellis, filed the instant motion to dismiss the Johnsons' individual capacity claims against him, if any, for lack of personal jurisdiction, insufficient process, and/or insufficient service of process.[1]  The Johnsons did not file a response to the motion, and the time to do so has passed.  *See* Notice of Motion Setting [doc. # 10].  Accordingly, the motion is unopposed.  *Id.*

On April 21, 2022, Defendant, LSP, filed the instant motion to dismiss the Johnsons' claims against the agency for insufficient process and/or insufficient service of process because the Johnsons failed to request service of the Petition and citation on Louisiana's Office of Risk Management ("ORM") and the Louisiana Attorney General ("AG") as required by Louisiana Revised Statute § 39:1538(D).

On May 20, 2022, the Johnsons filed a memorandum in opposition to the LSP's motion to dismiss wherein they did not dispute that they failed to serve the ORM and the AG, but instead asked for an additional fifteen days to cure the defect by amending the petition to add the

---

[1] Also on April 18, 2022, Mayor Ellis, acting in his official capacity, joined in the City Defendants' Answer to the petition.  (Answer [doc. # 9]).  He explained in the Answer that he had filed a separate motion to dismiss any claims against him in his individual capacity for insufficient service of process.  *Id.*  When a defendant files an answer in federal court after having removed the case, he has submitted to the jurisdiction of the court and thereby obviates the need for renewed service.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 (5th Cir. 2005).

ORM and the AG as named defendants.  (Pl. Opp. Memo. [doc. # 21]).

On May 25, 2022, the LSP filed a reply brief in which it argued that the Johnsons failed to show good cause for their service failures, as this case already has languished for 183 days without proper service.  (LSP Reply [doc. # 25]).  The matter is ripe.

### General Principles

Ellis and the LSP both seek dismissal for insufficient process and insufficient service of process.  FED. R. CIV. P. 12(b)(4) & (5).  Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction.  "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."  *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353) (internal quotation marks omitted).  Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."  Fed. Practice and Procedure, *supra*.  *Id*.  Rule 12(b)(4) also is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, Civ. Action No. 06-0063, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006).

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.  *Kitchen v. Walk-On's Bistreaux & Bar*, Civ. Action No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs*

4

*Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions."  *Walk-On's*, 2020 WL  2404911, at *1 (citations omitted).

Finally, without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, Civ. Action No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987).

## Law and Analysis

Ellis and the LSP challenge the Johnsons' pre-removal service attempts against them.  A federal district court looks "to state law to ascertain whether service was properly made prior to removal."  *Vaughn v. Frame*, 210 F.3d 366 (5th Cir. 2000) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.,* 461 F.2d 1046, 1052 (5th Cir. 1972)).  Objections to service of process that arise prior to removal may be raised in federal court and are not waived by removal.  *Id*. (citing *Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 618 (5th Cir. 1989)).  The objections remain available to the defendant even if they would not have been available had the suit originated in federal court.  *Id*.

Under Louisiana law, service of the citation shall be requested on all named defendants within 90 days of commencement of the action.  LA. CODE CIV. P. ART. 1201(c).  In the absence of good cause, the court is required to dismiss an action, without prejudice as to any defendant for whom service has not been requested within the time period prescribed by Article 1201(c).

*Sal Ciolino & Associates v. First Extended Serv. Corp.*, 156 Fed. App'x. 621, 622–23 (5th Cir. 2005) (citing LA. CODE CIV. P. ART. 1672(C)).  If good cause is shown, then the court may order that service be effected within a specified time.  *Id.*

**I.      Ellis**

The purported service return indicates that a citation was issued to "City of Monroe Mayor Friday Ellis," that Mayor Ellis was unavailable, and, instead, that the service documents were left with Lynda McMahan.  (Citation, Notice of Removal, Exh. [doc. # 1-1, pg. 10]).

Mayor Ellis contends that the citation purportedly contravenes state law because it included the names of more than one party and did not specify in which capacity he was sued. *See* LA. CODE CIV. P. ART. 1202(3).  Mayor Ellis further asserts that it is not clear from the citation whether service was made on him as an agent of the City or whether it was intended to be in his own capacity as a defendant.

Mayor Ellis also argues that, insofar as the citation was intended to be directed against him in his individual capacity then service was improper.  Under Louisiana law, service of citation may be either personal or domiciliary.  LA. CODE CIV. P. ART. 1231.  Here, however, service was made on Lynda McMahan at city hall, i.e., upon someone other than Mayor Ellis, and at a place that was not his dwelling or usual place of abode.  *See* LA. CODE CIV. P. ARTS. 1232 and 1234.  Moreover, there is no indication that McMahan was authorized by law to accept service on behalf of Mayor Ellis for any claims against him in his individual capacity.  *See* LA. CODE CIV. P. ART. 1235.

In short, the Johnsons have not argued or shown that the citation and purported service attempt upon Lynda McMahan complied with Louisiana's provisions on citation and service for

the purpose of serving Mayor Ellis for any claims asserted against him in his individual capacity. Accordingly, the court finds that the service attempt was ineffective.

In the absence of proper service, or the expression of any interest in properly serving Mayor Ellis, in his individual capacity, post-removal,[2] the court lacks personal jurisdiction to entertain those claims against him.[3] FED. R. CIV. P. 12(b)(2); *Hyman v. VOV GmbH*, Civ. Action No. 19-0206, 2020 WL 1303971, at *3 (W.D. La. Feb. 28, 2020), *R&R adopted,* 2020 WL 1313095 (W.D. La. Mar. 17, 2020) ("A court cannot exercise personal jurisdiction over a defendant unless the defendant was properly served.").

## II.    LSP

The purported service return indicates that a citation was issued to "Colonel Lamar Davis Louisiana State Police," and that, on March 16, 2022, "departmental service" was made at the Louisiana State Police Headquarters by tendering a copy to "C. Robertson." (Citation, Response to Removal Order, Exh. [doc. # 12-1]).

The LSP asserts in its motion that the Johnsons' pre-removal service attempt was invalid because the LSP was not served in accordance with Louisiana Revised Statute § 39:1538, which governs tort actions against the State of Louisiana and provides that the plaintiff must serve not

---

[2] *See* 28 U.S.C. § 1448 and contrast with the Johnsons' approach to the LSP, *infra*.

[3] "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350; 119 S.Ct. 1322, 1327 (1999) (citation omitted). Similarly, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104; 108 S.Ct. 404, 409 (1987).

only the head of the department concerned, but also the ORM, and the AG.[4]  *Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. Coll.*, 66 So.3d 470, 480 (La. 2011). Here, all agree that the Johnsons did not serve the ORM and the AG.

Nonetheless, the Louisiana Supreme Court has recognized that the purpose of § 39:1538 is to provide notice of the tort action to the AG, the ORM, and the department head.  *Whitley, supra*.  A timely request for service on one of the listed entities/persons in § 39:1538 is sufficient.  *Id*.  Section 39:1538(D) "does not require that the plaintiff make service (or request that service be made) within a certain time period or provide for dismissal.  Therefore, an objection of insufficiency of service based on [§ 39:1538(D)] can be cured by subsequent service on those entities/persons not previously served."  *Whitley*, 66 So.3d at 481-482.

Perhaps recognizing that dismissal is not authorized under Louisiana law for failure to serve the ORM and the AG (in addition to the department head), the LSP seeks dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because service was not properly

---

[4] The statute provides, in pertinent part that,

[c]laims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter . . .

\*        \*        \*

In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107 . . .

LA. R. S. § 39:1538(A) & (D).

8

perfected within 90 days after the complaint was filed.  In a removed case, however, Rule 4(m)'s service deadline starts to run upon removal to the federal district court, not the date the action originated in state court.  *Gill v. Jacobs Eng'g Grp., Inc.*, Civ. Action No. 08-647, 2011 WL 3796751, at *2–3 (M.D. La. Aug. 26, 2011) (citing 4B Wright & Miller, Federal Practice and Procedure § 1137, at 341 (3d ed. 2000)); *Ritts v. Dealers All. Credit Corp.*, 989 F. Supp. 1475, 1478–79 (N.D. Ga. 1997); *Clark v. Bank of Am., N.A*, Civ. Action No. 13-0281, 2013 WL 12126249, at *2 (W.D. Tex. Aug. 2, 2013), *R&R adopted*, 2013 WL 12126118 (W.D. Tex. Oct. 1, 2013).

Here, the case was removed on March 25, 2022, and the 90-day service period does not lapse until June 23, 2022.  Given that the deadline has yet to pass and that the Johnsons have offered to correct the oversight in response to the LSP's motion, the court finds good cause to extend the deadline.

Federal law provides, in this respect, that

> [i]n all cases removed from any State court to any district court of the United States . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court . . .

28 U.S.C. § 1448.  Consequently, post-removal, the Johnsons only need comply with § 39:1538 *if* they opt to serve the state or state agency in accordance with state law pursuant to Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure.[5]  Otherwise, they simply may *re-serve* the state and/or its agency by delivering a copy of the summons and the complaint/petition to that

---

[5] If they elect to go the § 39:1538 route, then, as they anticipated, they may need to amend their complaint to add the ORM and the AG as defendants so the Clerk of Court may issue summonses in their names.

entity's chief executive officer as provided by Rule 4(j)(2)(A), in accordance with Rules 4(a)-(c). *See Richard v. Louisiana o/b/o Dep't of Children & Family Servs.*, Civ. Action No. 18-01257, 2019 WL 3366997, at *3 (W.D. La. June 3, 2019), *R&R adopted*, 2019 WL 3368558 (W.D. La. July 24, 2019) (plaintiff properly effected service on the state agency's chief executive officer; thus, service was effective under Rule 4(j)(2)(A)) and § 39.1538 remained inapplicable); *Lewis v. Louisiana Dep't of Transp. & Dev.*, Civ. Action No. 10-4600, 2011 WL 3502327, at *1–2 (E.D. La. Aug. 10, 2011) (by serving the secretary of the department, plaintiffs properly effectuated service of process on the LADOTD pursuant to the first method of service allowed under Rule 4(j)(2)).

In the interim, dismissal is not warranted.

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that Defendant, Mayor Oliver "Friday" Ellis's motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process [doc. # 8] be GRANTED IN PART AND DENIED IN PART and that Plaintiffs' claims against Mayor Oliver "Friday" Ellis, in his individual capacity only, be DISMISSED, without prejudice, for lack of personal jurisdiction.  FED. R. CIV. P. 12(b)(2).

IT IS FURTHER RECOMMENDED that Defendant, Louisiana State Police's motion to dismiss for insufficient process and insufficient service of process [doc. # 13] be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiffs be granted 30 days from entry of judgment on this motion within which to perfect service upon the Louisiana State Police and to file the return of service into the court record.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 15th day of June, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

§

11