UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES JOHNSON, ET AL.** | **CIV. ACTION NO. 3:22-00828** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF MONROE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a second motion to dismiss for insufficient process and insufficient service of process filed by Defendant, Louisiana State Police [doc. # 34]. The motion is unopposed. For reasons detailed below, it is recommended that the motion to dismiss be GRANTED.

### Background

On November 23, 2021, Charles Johnson ("Mr. Johnson") and his spouse, Mallory Johnson ("Mrs. Johnson") (collectively, the "Johnsons"), filed the instant Petition for damages in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana against Defendants the City of Monroe; Mayor Friday Ellis; Louisiana State Police ("LSP"); former Police Chief Eugene Ellis; Police Chief Victor Zordan; Sgt. Mike Fendall; Hank Smith; Cecil Carter, Jr.; and XYZ Insurance Companies. (Petition). Mr. Johnson contends that he was wrongfully discharged from employment on November 3, 2020, apparently because he was falsely accused of not sending an excessive force case to the LSP until after the City of Monroe mayoral election on July 11, 2020. *Id*. Mr. Johnson seeks recovery, *inter alia*, for loss of employment, lost wages, harm to his professional and personal reputations, loss of consortium, emotional distress/stress, and anxiety. (Petition). Moreover, because of the false accusations

against her husband, Mrs. Johnson has allegedly suffered emotional distress, anxiety, embarrassment, and loss of consortium. *Id*.

On April 21, 2022, Defendant LSP filed a motion to dismiss the Johnsons' claims against the agency for insufficient process and/or insufficient service of process because the Johnsons failed to request service of the Petition and citation on Louisiana's Office of Risk Management ("ORM") and the Louisiana Attorney General ("AG") as required by Louisiana Revised Statute § 39:1538(D). [doc. # 13].

On May 20, 2022, the Johnsons filed a memorandum in opposition to the LSP's motion to dismiss wherein they did not dispute that they failed to serve the ORM and the AG, but instead asked for an additional fifteen days to cure the defect. (Pl. Opp. Memo. [doc. # 21]).

On June 30, 2022, the District Court denied the LSP's motion to dismiss and granted the Johnsons thirty (30) days from the date of the judgment within which to serve the LSP and to file the return of service into the court record. (June 30, 2022 Judgment adopting June 15, 2022 R&R [doc. #s 29 & 28]).

On August 26, 2022, the LSP filed the instant, second motion to dismiss for insufficient process and insufficient service of process. FED. R. CIV. P. 12(b)(4) & (5). In support of its motion, the LSP stated that fifty-seven (57) days had passed since the court's June 30 Judgment, but the Johnsons still had not served the LSP pursuant to Rule 4 and the court's Judgment.

The Johnsons did not file a response to the motion, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 35]. Accordingly, the motion is deemed unopposed. *Id*.

**Law and Analysis**

The LSP again seeks dismissal for insufficient process and insufficient service of process.

2

FED. R. CIV. P. 12(b)(4) & (5).  Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction.  "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."  *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353) (internal quotation marks omitted).

Service after removal is governed by the Federal Rules of Civil Procedure.  To properly serve a state government organization, Rule 4 requires a copy of the summons and complaint to be served on (1) the organization's chief executive officer ("CEO"); or (2) in the manner prescribed by state law.  FED. R. CIV. P. 4(j)(2).  When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.  *Kitchen v. Walk-On's Bistreaux & Bar*, Civ. Action No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  FED. R. CIV. P. 4(c)(1).  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or

3

ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

    Here, there is nothing in the record to suggest that the Johnsons have served the LSP. Moreover, the Johnsons have not responded to the instant motion with evidence to indicate service. *See Walk On's*, 2020 WL2404911, at *3 ("When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.") (internal quotations and citations omitted). Finally, the Johnsons have not shown good cause for their unexplained failure to effect service. Accordingly, dismissal is warranted. *See Thrasher v. City of Amarillo,* 709 F.3d 509, 512 (5th Cir. 2013) (court properly dismissed suit after it warned plaintiff and granted her generous extensions of time, but plaintiff still failed to effect service properly); *Walk-On's supra* (no basis to confer additional time to pro se plaintiff to effect service after eight months had passed since suit was filed).

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the second motion to dismiss for insufficient process and insufficient service of process filed by Defendant, Louisiana State Police [doc. # 34] be GRANTED, and that Plaintiffs' claims against the Louisiana State Police be DISMISSED, without prejudice. FED. R. CIV. P. 12(b)(5) and/or 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of October, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE