UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLES JOHNSON, ET AL** | **CASE NO. 3:22-CV-00828** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF MONROE, ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before this Court is a Motion for Summary Judgment [Doc. No. 47] filed by Defendant Hank Smith ("Smith"). No opposition has been filed.

For the reasons set forth herein, Smith's Motion for Summary Judgment is **GRANTED.**

**I.     BACKGROUND**

On November 23, 2021, Charles Johnson, and Mallory Johnson ("Johnson") filed suit against Smith, the City of Monroe, Mayor Friday Ellis, former Monroe Police Chief Eugene Ellis, Monroe Police Chief Victor Zordan, Sergeant Mike Fendall, and the Louisiana State Police, along with Defendant insurance carriers. The suit, originally filed in the Parish of Ouachita, Fourth Judicial District Court, was removed to this Court on March 25, 2022.[1] Johnson alleged he was wrongfully discharged on November 23, 2020, and falsely accused of delaying a request to the Louisiana State Police regarding an excessive force claim against a Monroe Police Department officer before the July 11, 2020, Monroe Mayoral election.

The only issue in this summary judgment involves Smith. The only factual allegations against Smith are found in Paragraph 10 of the Complaint, which reads as follows:

X

>    Complainant CHARLES JOHNSON further asserts that HANK
>    SMITH, an employee of the LOUISIANA STATE POLICE, acting

---

[1] [Doc. No. 1]

>in the course and scope of his employment is liable for defamation and slander by stating that Complainant withheld sending the excessive force case to the Louisiana State Police because he didn't want to ruin anyone's weekend. Such acts of defamation have injured Complainant by causing him to be terminated from his employment, injuring his reputation in the community by discrediting his credibility, therefore they should be held liable for damages.

Smith maintains he is entitled to summary judgment on the defamation and slander claims.

## II.     LAW AND ANALYSIS

### A.     Standard of Review

Summary judgment shall [be] grant[ed]…if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet their initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant has the burden to

establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at *5–6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1, n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (stating that where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed); *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence."). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

**B.     Defamation**

Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Fitzgerald v. Tucker*, 737 So.2d 706, 715 (La. 1999). Four elements[2] are necessary to establish a defamation cause of action:

(1)     a false and defamatory statement concerning another;

(2)     an unprivileged publication to a third party;

(3)     fault on the part of a publisher; and

(4)     resulting injury.

---

[2] *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La. 1980) considers falsity a fifth and separate element.

3

*Trentecosta v. Beck*, 703 So.2d 552, 559 (La. 1997).

Therefore, to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or fault, published a false statement using defamatory words, which caused plaintiff damages. *Trentecosta* 703 So.2d at 559. If even one of the required elements is lacking, the cause of action fails. *Kosmitis v. Bailey*, 685 So.2d 1177, 1180 (La. App. 2d Cir. 1996).

In Louisiana, defamatory words have traditionally been classified in two categories, those that are defamatory per se and those that are susceptible of defamatory meaning. *Lemeshewsky v. Dumaine*, 464 So.2d 973, 975 (La. App. 4th Cir. 1985). Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances are considered defamatory per se. *Kosmitis*, 685 So.2d at 1180. When words are not defamatory per se, a plaintiff must prove the elements of falsity. Id. at 1180. Falsity is presumed when the words are defamatory per se. Id.

Smith maintains the words are not defamatory per se and/or that the statements Smith made are not false.

**C.   Analysis**

The first question is whether the words at issue are defamatory per se. This Court finds they are not. The wording that Johnson withheld the excessive force case because he did not want to ruin anyone's weekend are not words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation without even considering extrinsic facts, or surrounding circumstances.

4

Since the words are not defamatory per se, Johnson must prove the words were false. Johnson has not filed an opposition. The Affidavit[3] of Smith states that on July 13, 2020, Johnson told Smith that he was requested to contact the Louisiana State Police about an excessive force claim against a Monroe City Police Officer the prior week, but he didn't want to ruin anybody's weekend, so he waited until Monday, July 13, 2020. Additionally, Johnson's retained expert that testified at Johnson's Civil Service Board hearing, Robert Blake McConnell, testified that Johnson admitted that he said to Hank Smith that he did not want to ruin anyone's weekend, but denied that he personally delayed the case.[4]

Johnson has not provided evidence contesting the falsity of the statement, and Smith has provided evidence of the truthfulness of the statement. Smith is entitled to summary judgment because Johnson is unable to prove the statement was false.

### III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment filed by Hank Smith [Doc. No. 47] is **GRANTED.**

**MONROE, LOUISIANA**, this 28th day of June 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[3] [Doc. No. 47-4]
[4] [Doc. No. 47-5 at 79]